Sean R. Kelly (skelley@saiber.com)
**SAIBER LLC**
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
Telephone:  (973) 622-3333
Facsimile:  (973) 622-3349

H. Dickson Burton
hdburton@traskbritt.com
Andrew A. Hufford
aahufford@traskbritt.com
**TRASKBRITT, P.C.**
P.O. Box 2550
230 South 500 East, Suite 300
Salt Lake City, Utah 84110
Tele: (801) 532-1922
Fax (801) 531-9168

Vicki E. Farrar
vfarrar@cathconn.com
2455 E. Parleys Way, Suite 150
Salt Lake City, Utah 84109
Telephone: (435) 729-9397

Attorneys for Plaintiff
Catheter Connections, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CATHETER CONNECTIONS, INC.**, | Civil Action No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| **IVERA MEDICAL CORP.** and | |
| **BECTON, DICKINSON AND COMPANY,** | |
| Defendants. | |

Plaintiff Catheter Connections, Inc. ("Catheter Connections"), by its undersigned attorneys, as and for its complaint against defendants Ivera Medical Corporation ("Ivera") and Becton, Dickinson and Company ("BD"), says:

## PARTIES AND JURISDICTION

1. Plaintiff Catheter Connections is a Delaware corporation with its principal place of business at 2455 E. Parleys Way, Suite 150, Salt Lake City, Utah 84109.

2. Catheter Connections, co-founded by nurses, is a medical device manufacturer that develops and commercializes innovative vascular access products designed to protect patients from acquiring infections during intravenous infusion therapy. Its DualCap System™ is a family of user-friendly products that provides healthcare facilities with a cost-effective, integrated solution for IV disinfection and protection, helping in the fight against IV catheter-related blood stream infections. Designed by nurses for nurses, DualCap® safely disinfects both IV tubing end connectors and IV catheter luer access valves. Additional information about the DualCap System™ and Catheter Connections is available at www.catheterconnections.com.

3. Defendant Ivera is a California corporation that has alleged its principal place of business is at 3525 Del Mar Heights Road, Suite 430, San Diego, California 92130.

4. Defendant Ivera sells a disinfectant cap, known as the Curos® Disinfecting Port Protector, in competition with Catheter Connections' DualCap® disinfectant cap products for luer access valves ("LAV caps").

5. On information and belief, Defendant BD is a New Jersey corporation with its principal place of business at 1 Becton Drive, Franklin Lakes, New Jersey 07417.

6. Defendant BD is the registered assignee and owner of United States Patent No. 8,740,864 (the "'864 patent"). Entitled "Patient Fluid Line Access Valve Antimicrobial Cap/Cleaner," the '864 patent issued on June 3, 2014.

7. Defendant Ivera is, according to its press releases, the exclusive licensee of the '864 patent. See Exhibits A, B, C, D.

8. Catheter Connections brings this action under the Declaratory Judgments Act, 28 U.S.C. § 2201, to obtain a judicial declaration that the '864 patent is invalid and that Catheter Connections does not infringe the '864 patent.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

10. This court has personal jurisdiction over Ivera. On information and belief, Ivera has systematic and continuous contacts in this judicial district, regularly transacts business within this district, and regularly avails itself of the benefits of this district. On information and belief, Ivera also sells and distributes products in this district, and derives substantial revenues from sales in this district.

11. On information and belief, BD has its principal place of business within New Jersey. On information and belief, BD is licensed to do business within New Jersey. Thus, BD is subject to general jurisdiction in New Jersey.

12. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.

## THE CONTROVERSY

13. Catheter Connections introduced its first DualCap product in 2011 — a disinfectant cap device comprised of two caps, a LAV cap and a male luer cap. In the spring of

2012, Catheter Connections introduced DualCap Solo™ ─ a separate LAV cap. Since then, defendant Ivera has asserted a total of three patents in three separate infringement actions in California against Catheter Connections. See 3:12-cv-00954-H-JMA; 3:12-cv-01587-H-JMA; and 3:13-cv-2452-W-RBB.[1]

14. Ivera then proceeded on a campaign to intimidate Catheter Connections' distributors by suing them years after it had sued Catheter Connections for alleged infringement of the same patents.[2]

15. Ivera has an established pattern and practice of suing its competitors on the same day any patent issues in which it has any interest. Since Ivera's inception it has filed 20 lawsuits against is competitors, the vast majority of which allege patent infringement.[3] Upon information and belief, Ivera has, upon the issuance of every new patent addressed to LAV caps to which it

---

[1] Ivera filed its first action against Catheter Connections (3:12-cv-00954-H-JMA, S.D. Cal.) alleging infringement of United States Patent Nos. 7,780,794 ('794 Patent) and 7,985,302 ('302 Patent) on April 18, 2012, just two days after the USPTO mailed a Notice of Intent to Issue Ex Parte Reexamination Certificate on the '794 Patent. (See Reexamination Control No. 90/009,951). On April 18, 2012, Ivera's lawsuits against Hospira, Inc. and Excelsior Medical Corp. on these same patents were stayed until *January 19, 2013*. (See *Ivera vs. Excelsior*, Case No. 3:11-cv-01115, S.D. Cal. (Dkt. 29); *Ivera v Hospira*, Case No. 3:11-cv-01246, S.D. Cal. (Dkt. 61)). Ivera's second suit against Catheter Connections (3:12-cv-01587 – H – JMA, S.D. Cal.) was filed on June 26, 2012 <u>after hours before the Court opened on the same day that United States Patent No. 8,206,514 issued</u> for which it alleged infringement. Ivera also sued Excelsior and Hospira at the same time. Ivera filed a third suit against Catheter Connections on October 10, 2013 (3:13-cv-2452-W-RBB, S.D. Cal.), for alleged false advertising, within days of Ivera getting on a Federal Supply Contract over which it was suing.

[2] See *Ivera Medical Corp. v. New England Medical Specialties, Inc*., Case No. 3:13-cv-02063, (S.D. of Cal., filed May 13, 2013 in Connecticut and transferred to San Diego on August 20, 2013); *Ivera Medical Corp. v. The Bimeco Group, Inc*., Case No. 3:13-cv-1763, (S.D. of Cal., filed May 23, 2013 in Georgia and transferred to San Diego on July 29, 2013); *Ivera Medical Corp. v. New Alliance of Independent Medical Distributors, Inc. d/b/a Alliance Medical and Amtec Medical, Inc*., Case No. 13CV2607 BTM WMC (S.D. of Cal, filed October 29, 2013, initially filed May 10, 2013 in W.D. of Tex and dismissed October 30, 2013).

[3] See Exhibit E (listing of complaints filed by Ivera in federal court).

has rights, initiated patent infringement actions against every other manufacturer of LAV caps at the earliest possible moment it can legally do so.

16. On August 28, 2008, defendant Ivera issued a press release, entitled "BD (Becton, Dickson and Company) Licenses Intellectual Property to Ivera Medical Corporation," announcing it had obtained exclusive, global rights to certain BD issued and pending patents, including those that could potentially cause "patent issues "for Ivera's Curos Port Protector:

> Ivera…today announced an ***exclusive license agreement*** with Becton, Dickinson and Company (BD Medical), a global medical technology company, for the ***worldwide rights*** to selected BD-issued and pending patents for an intravenous (I.V.) port protector designed to reduce the potential for healthcare-acquired bloodstream infections…. "The licensing agreement between BD and Ivera broadens our existing patent applications and ***removes potential patent issues so we can move forward with the worldwide marketing and sales of the Curos Port Protector***," Jack Saladow, Ivera Vice President of Marketing and Sales said.
>
> (See Exhibit A) (emphasis added)

17. On February 19, 2014, defendant Ivera issued a press release, entitled "Ivera Medical Announces Allowance of Key Patent by USPTO," to notify its customers and competitors that the Patent Office had allowed the application underlying the '864 patent. Consistently with its earlier infringement suits against Catheter Connections, this press release clearly shows Ivera's intent to assert the '864 patent against Catheter Connections:

> "We believe this is a seminal patent for the disinfecting port protector space and we are thrilled to have the exclusive license for it," said Bob Rogers, CEO of Ivera Medical.  "Upon issuance, this patent will serve as a cornerstone of our intellectual property portfolio, which already includes a strong suite of patents covering different aspects of this product family.  We have invested great resources on our intellectual property and the allowance of this patent will further strengthen our position."
>
> (See Exhibit B)

18. On April 10, 2014, Ivera issued another press release entitled, "District Court in San Diego Finds in Favor of Ivera; Denies Hospira's Motion," that yet again shows its intent to assert the '864 patent against Catheter Connections. This press release announced the status of Ivera's ongoing LAV cap litigation, and that even in the face of each of the asserted patent claims being found invalid by the Patent Office, Ivera still had the seminal patent in the space:

> …. Ivera Medical has also announced that it will appeal the United States Patent and Trademark Office (USPTO) decision on three *inter partes* reexamination proceedings filed by Excelsior Medical against the asserted patents….Ivera has recently announced two significant events having nothing to do with the aforementioned patents that positively impact its intellectual property position in the disinfecting cap space. On February 19, the USPTO allowed a seminal patent in this space, for which Ivera has an exclusive license (see http://www.curos.com/ivera-medical-announces-allowance-key-patent-uspto/)…."Being the leaders in this product space, we have taken the initiative to build a strong patent portfolio that covers many different innovations. We believe our portfolio will continue to provide us the protection our first-to-market products have earned."
>
> (See Exhibit C)

19. Ivera's CEO yet again reaffirmed Ivera's intent to assert the '864 patent against Catheter Connections in a press release of May 1, 2014, announcing a summary judgment decision invalidating all the patents Ivera had asserted against Catheter Connections in the California actions:

> "We are disappointed in the Court's decision and are evaluating our options . . ." said Bob Rogers, CEO of Ivera Medical. "***Our strategy regarding intellectual property has always been to build a robust portfolio, so that an adverse ruling in one case does not impact the broader strategy***. Indeed, Ivera continues to be very pleased with our Florida court patent infringement case, and the ***impending issuance of what will be the seminal patent*** [i.e., the '864 patent] in this space . . . ."
>
> (See Exhibit D) (emphasis added)

20. Defendant Ivera's initiation of the California actions against Catheter Connections and several of its distributors for infringement of patents that allegedly cover Catheter Connections LAV caps, coupled with Ivera's characterizations of the '864 patent as a "cornerstone" of its "robust portfolio" and the "seminal patent in [the disinfectant cap] space" demonstrates that a substantial dispute exists between the parties over Catheter Connection's right to sell its LAV cap products free of any infringement claims under the '864 patent.

21. The pronouncement of Ivera's CEO that Ivera's strategy of building a portfolio that includes the seminal '864 patent "so that an adverse ruling in one case does not impact the broader strategy" of suing Catheter Connections for infringement proves the point.

22. An definite and concrete, real and substantial, justiciable case or controversy therefore exists between Catheter Connections and defendants concerning, *inter alia*, the invalidity and non-infringement of the '864 patent which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

### FIRST COUNT

### DECLARATORY JUDGMENT OF INVALIDITY OF THE '864 PATENT

23. Catheter Connections repeats the allegations of paragraphs 1 through 19 as if fully set forth here.

24. The '864 patent is invalid under one or more provisions of the patent law of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

25. Accordingly, Catheter Connections seeks a judgment declaring that the claims of the '864 patent are invalid, void and of no legal consequence.

## SECOND COUNT

## **DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '864 PATENT**

26. Catheter Connections repeats the allegations of paragraphs 1 through 19 as if fully set forth here.

27. Catheter Connections has not infringed and does not infringe, directly or indirectly, any valid claim of the '864 patent, and has not contributed to or induced and does not contribute to or induce infringement of the '864 patent.

28. Accordingly, Catheter Connections seeks judgment declaring that it does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, any valid claim of the '864 patent.

WHEREFORE, plaintiff Catheter Connections, Inc., requests judgment in its favor and against defendants Ivera Medical Corporation and Becton, Dickinson and Company, as follows:

    a.    Declaring that the '864 patent is invalid;

    b.    Declaring that Catheter Connections has not infringed and does not infringe the '864 patent and has not contributed to or induced and does not contribute to or induce infringement of the '864 patent;

    c.    Awarding to Catheter Connections attorneys' fees under 35 U.S.C. § 285 and costs of suit; and

    d.    Awarding such other and further relief as the Court may deem just and appropriate.

Dated this 3rd day of June, 2014

   **SAIBER LLC**
Attorneys for Plaintiff
Catheter Connections, Inc.


By:   *s/ Sean R. Kelly*
    Sean R. Kelly (skelly@saiber.com)
    18 Columbia Turnpike, Suite 200
    Florham Park, NJ 07932
    Telephone: (973) 622-3333
    Facsimile: (973) 622-3349

Of Counsel:

    H. Dickson Burton
    hdburton@traskbritt.com
    Andrew A. Hufford
    aahufford@traskbritt.com
    **TRASKBRITT, P.C.**
    P.O. Box 2550
    230 South 500 East, Suite 300
    Salt Lake City, Utah 84110
    Telephone: (801) 532-1922

    Vicki E. Farrar
    Catheter Connections, Inc.
    vfarrar@cathconn.com
    2455 E. Parleys Way, Suite 150
    Salt Lake City, Utah 84109
    Telephone: (435) 729-9397

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Under Local Civil Rule 11.2, the undersigned counsel for Catheter Connections, Inc. hereby certifies that this matter is not the subject of any other action asserted by Catheter Connections, Inc. in any other court, or of any pending arbitration or administrative proceeding.


Dated:  June 3, 2014                                  *s/ Sean R. Kelly*_____
                                                                           Sean R. Kelly


## LOCAL CIVIL RULE 201.1 CERTIFICATION

Under Local Civil Rule 201.1, the undersigned counsel for Catheter Connections, Inc. hereby certifies that Catheter Connections, Inc. seeks declaratory relief.  This action is, therefore, not appropriate for compulsory arbitration.


Dated:  June 3, 2014                                  *s/ Sean R. Kelly*_____
                                                                           Sean R. Kelly